[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #122
This is an action for personal injuries that was commenced against the defendant First Constitution Bank (hereinafter "Bank") on January 19, 1993, claiming that the plaintiff was injured when he fell on a defective stairway on property owned by the Bank. On October 2, 1992 this court declared the Bank insolvent and appointed the FDIC its receiver. FDIC published notice to creditors under 12 U.S.C. § 1821 and established January 5, 1993 as the deadline for the filing of claims with the receiver. The plaintiff, Mr. Cartagena, was not sent notice since he was not shown as a creditor on the books of the Bank.
The facts are not in dispute. The plaintiff gave notice to the Bank of its claim well before FDIC was appointed the receiver on October 2, 1992. Prior to that date the plaintiff was dealing with the Bank's insurance carrier, Aetna Insurance, attempting to resolve this case. The plaintiff brought this action on January 19, 1993, after the appointment of FDIC as receiver which was on October 2, 1992. The receiver, FDIC, was required under FERREA's provisions to publish notice and establish a bar date not less than 90 days after the publication of the notice. 12 U.S.C. § 1821
(d)(3)(B)(i). These notice requirements were complied with by the FDIC and the bar date was set to be January 5, 1993. This action was not commenced until after the bar date, on January 19, 1993, and First Constitution was served with process, not FDIC. This plaintiff was never listed on the books of the corporation CT Page 5682 as a creditor. After this suit was instituted, FDIC sent notice to the plaintiff dated March 16, 1993 allowing the plaintiff to file a late claim under 12 U.S.C. § 1821 (d)(5)(C)(ii). The plaintiff did file a claim with the FDIC within the 60 day time period required by that provision. The FDIC then informed the plaintiff that his claim was disallowed by letter dated August 25, 1993.
The question presented here is whether the plaintiff is subject to the exception provision of 12 U.S.C. § 1821 (d)(5)(C). That section provides at (c)(ii) that the disallowance of claims under clause (i) shall not apply when the claimant was not provided timely notice of reappointment of receiver but files a claim in time to permit payment on his claim. The plaintiff was not provided timely notice in this case, but the Court finds that he did file a claim within the statutory period. Accordingly, the plaintiff has not failed to exhaust his administrative remedies and subject matter jurisdiction still exists with this Court. It is the opinion of this Court that notice must be provided under12 U.S.C. § 1821 (d)(3)(C), it was bit si given, and therefore this Court still retains jurisdiction of this action.
12 U.S.C. § 1821 (d)(3)(C)(ii) provides that notice must be mailed "upon discovery of the name and address of a claimant not appearing on the intitution's books within 30 days after the discovery of such names and address". This was not done and still has not been done even thought the defendant FDIC has notice of the claim. This court agrees with the holding of the Alvarado v.First Constitution 13 CLR 582 No CV 93-345608 Judicial District of New Haven Gray, J. in which under almost identical facts the court found that the FDIC failed to comply with the notice requirements of 12 U.S.C. § 1821
(d)(3)(C)(ii). The plaintiff here is a claimant not a creditor.Alvarado supra. 12 U.S.C. § 1821
(d)(3)(C)(ii) requires that claimants be mailed notice under that provision. If that provision were complied with the plaintiff's rights would not have been extinguished without giving him the right to a judicial determination of his case. The defendant's Motion to Dismiss is denied.
PELLEGRINO, J.